IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEGACY DIAGNOSTIC LAB, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary, United States Department of Health and Human Services,<br><br>Defendant. | Civil Action No. 3:25-CV-00890-E |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant submits as supplemental persuasive authority the attached order of Senior Judge Boyle in in *Skoro Enters., LLC v. Kennedy*, No. 3:24-CV-433-B, Order, ECF No. 54 (N.D. Tex. Mar. 9, 2026) and Magistrate Judge Rutherford in *Heart to Heart Hospice of Texas Ltd. v. Kennedy*, No. 3:23-CV-02704-X, 2026 WL 879396 (N.D. Tex. Mar. 31, 2026).

In *Skoro*, the court overruled objections to Magistrate Judge Toliver's "well-reasoned decision" denying Skoro's motion to compel completion of the administrative record. In *Heart to Heart*, the court denied the plaintiff's motion to compel completion of the administrative record. The plaintiffs in *Skoro* and *Heart to Heart* are represented by the same counsel now representing Legacy, and in

those cases, plaintiffs made essentially the same arguments as those in Legacy's pending motion to compel before this Court.

Magistrate Judge Rutherford analyzed the same principal issues raised in Legacy's motion to compel. Namely, the court analyzed (1) whether the motions to compel are properly understood as seeking to complete or supplement the administrative record; (2) whether the ALJ is the relevant agency decisionmaker for purposes of this analysis; and (3) whether materials never submitted to the administrative law judge must be added to the administrative record in such a case.

On each issue, the court's analysis and conclusions support the positions advanced by the Secretary in this case. First, the court noted that "although Plaintiffs style their Motions as seeking 'completion' of the administrative record, virtually all the documents sought to be added are extra-record evidence which would 'supplement' the existing record filed in this case." *Heart to Heart*, 2026 WL 879396 at *6. Second, "the Court disagree[d] with Plaintiffs' assertion that independent contractors are agency decision-makers under the Medicare Act." *Id*. at *8. And lastly, the Court found that "[b]ecause Plaintiffs have not shown the documents sought to be added were considered by agency decision makers, they 'are outside the record, are legally irrelevant, and are therefore not discoverable.'" *Id*. at *9.

For these reasons and those further explained in the opinion, the court denied

the motion to compel completion of the administrative record.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

s/ *Najib H. Gazi*
Najib H. Gazi
Assistant United States Attorney
Texas Bar No. 24131329
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8672
Facsimile: 214-659-8807
E-mail: Najib.Gazi@usdoj.gov

*Attorneys for Defendant*

**CERTIFICATE OF CONFERENCE**

On April 20, 2026, I conferred with counsel for Plaintiff who stated that Plaintiff is unopposed to the requested relief and noted that they will file objections to the proposed supplemental authority in the case of Heart to Heart v. Kennedy.

*/s/ Najib H. Gazi*
Najib H. Gazi

**CERTIFICATE OF SERVICE**

On April 20, 2026, I electronically filed this unopposed motion with the clerk of court for the U.S. District Court, Northern District of Texas. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Najib H. Gazi*
Najib H. Gazi

**CERTIFICATE OF WORD COUNT**

This is to certify that the body of this document (including footnotes) contains 349 words, according to the word count tool in Microsoft Word.

*/s/ Najib H. Gazi*
Najib H. Gazi
Assistant United States Attorney